Peter W. Dye, Esq. (SBN 200367)
Dennis V. Chau, Esq. (SBN 351472)
KOELLER, NEBEKER, CARLSON & HALUCK, LLP
1478 Stone Point Drive, Suite 435
Roseville, CA  95661
Telephone:  (916) 724-5700
Facsimile:   (916) 788-2850
Email: peter.dye@knchlaw.com
          dennis.chau@knchlaw.com

Attorneys for Defendant,
HOME DEPOT U.S.A., INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. FORGEY,<br><br>            Plaintiff,<br><br>      v.<br><br>HOME DEPOT U.S.A., INC; and DOES 1-100,<br><br>            Defendants.<br><br>HOME DEPOT U.S.A., INC.,<br><br>            Cross-Complainant,<br><br>      v.<br><br>TECHNIBILT, LTD., d/b/a WANZL NORTH AMERICA; and ROES 1-50,<br><br>            Cross-Defendants. | Case No. 2:25−CV−03158−ODW(SKx)<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed: Mar. 12, 2025<br>Trial: Sep. 1, 2026 |

### I.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that

1

the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II.    GOOD CAUSE STATEMENT

Discovery in this matter will likely involve proprietary and private information such as Plaintiff MARY B. FORGEY's ("Plaintiff") private information, including her SSN and medical records; Defendant / Cross-Complainant HOME DEPOT U.S.A., INC.'s ("Home Depot") proprietary policies, procedures, guidelines, security practices, and similar information or documents pertaining to Home Depot's confidential business practices and/or commercial information not publicly available; and Cross-Defendant TECHNIBILT, LTD., d/b/a WANZL NORTH AMERICA's ("Wanzl NA") proprietary policies, procedures, guidelines, manufacturing or design practices, and similar information or documents pertaining to Wanzl NA's confidential business practices and/or commercial information not publicly available.

Discovery will also likely involve third-parties' private information, such as information relating to Home Depot's and Wanzl NA's employees, associates, customers, and third-party vendors which are not subject to public disclosure either due to the privacy interests involved (such as any identifying information on said employees and associates) or the propriety of the information (such as any commercial or operational information and documents pertaining to any relevant third-party vendors).  Neither Home Depot nor Wanzl NA publicly disseminate private information about its employees, customers, or third-party vendors.

Similarly, Home Depot's policies, procedures, guidelines, and other confidential business practice information is not disclosed to the public.  Further, they are a memorialization of over 45 years of experience in the industry, and there is a significant investment of time and resources in creating the documents. These documents are critical to Home Depot's efforts to be the leading home improvement retailer and maintaining its competitive advantage.  This advantage would be greatly diminished if these documents were publicly disclosed, making them available to Home Depot's competitors, who likewise do not disclosure their confidential business practice documents. Further, the dissemination of these documents is strictly controlled, they are not published and/or disseminated as a whole, they are not published at trade shows, forums or shared with other

2

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

companies. They are not provided to parties outside of Home Depot unless under certain limited circumstances, such as in response to local regulatory inquiries or when required in litigation, and even in those circumstances, Home Depot endeavors to obtain protection of the confidentiality of the documents to the greatest extent possible. To disclose these documents publicly, thereby providing access to Home Depot's competitors in an industry that does not share such information, would be extremely damaging to Home Depot's business interests. All associates are informed that Home Depot's policies, procedures, training materials, are confidential and proprietary and should not be published or disseminated. Upon hiring, Home Depot associates also sign a confidentiality agreement.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is Plaintiff's, Home Depot's, and Wanzl NA's (collectively the "Parties" and each individually a "Party") intent to not designate matters as confidential for tactical reasons or in bad faith, with matters being designated confidential solely to avoid the harm likely to arise from disclosure of non-public, private information outside this litigation should said matters be made part of this case's public record.

**III.    ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

The Parties further acknowledge, as set forth in Section XIV(C) below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. (*See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The Parties also acknowledge that a specific showing of

SECOND AMENDED STIPULATION AND PROTECTIVE ORDER

good cause or compelling reasons with proper evidentiary support and legal justification must be made for any Protected Material that a party seeks to file under seal. A designation of Disclosure or Discovery Material as "CONFIDENTIAL" does not – without submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

If a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. (*See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010)). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should explain why redaction is not feasible.

**IV.    DEFINITIONS**

A.    "Action" shall refer to the above-entitled proceeding abbreviated as *Forgey v. Home Depot U.S.A., Inc., et. al.*, Case No. 2:25−CV−03158−ODW(SKx), and its related cross-actions.

B.    "Challenging Party" shall refer to any Party or Non-Party that challenges the designation of information or items under this Order.

i.    "Party" shall refer to any natural person, partnership, corporation, association, or other legal entity named as a Party to this Action, including all officers, directors, employees, consultants, retained experts, and outside counsel of record and their support staff.

ii.    "Non-Party" shall refer to any natural person, partnership, corporation, association, or other legal entity not named as Party to this action.

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

C.      "CONFIDENTIAL" as it relates to any material to be so designated shall refer to any information (regardless of the medium or manner in which it is stored, generated, or maintained) or tangible items that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

D.      "Counsel" shall refer to a Party's counsel of record, House Counsel, and any support staff for said counsel of record or House Counsel.

i.      "House Counsel" shall refer to any attorneys who are employees of a Party to this action, but does not include outside counsel of record or any other outside counsel.

E.      "Designating Party" shall refer to any Party or Non-Party that designates information or items it produces in disclosures or in any responses to discovery as "CONFIDENTIAL."

F.      "Expert" shall refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

G.      "Producing Party" shall refer to a Party or Non-Party that produces any information (regardless of the medium or manner in which it is stored, generated, or maintained) or tangible items in this Action.

H.      "Vendors" shall refer to any persons or entities that provide litigation services (such as photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

I.      "Protected Material" shall refer to any information (regardless of the medium or manner in which it is stored, generated, or maintained) or tangible items that is designated "CONFIDENTIAL."

J.      "Receiving Party" shall refer to any Party that receives any information (regardless of the medium or manner in which it is stored, generated, or maintained) or tangible items from a Producing Party.

**V.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts,

5

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

## VI.   DURATION

Once a case proceeds to trial, information that was designated as "CONFIDENTIAL" or maintained pursuant to this Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. (*See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record)). Accordingly, the terms of this Order do not extend beyond the commencement of the trial.

## VII.   DESIGNATING PROTECTED MATERIAL

A. Exercise of Restraint and Care in Designating Material for Protection

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

SECOND AMENDED STIPULATION AND PROTECTIVE ORDER

B. <u>Manner and Timing of Designations</u>

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

i.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum the legend "CONFIDENTIAL" ("CONFIDENTIAL legend), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

ii.      For testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

iii.      For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent

7

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

practicable, shall identify the protected portion(s).

C. Inadvertent Failures to Designate

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VIII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A. Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.

B. Meet and Confer

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et. seq.*

C. Joint Stipulation

Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

D. Burden of Persuasion

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**IX.    ACCESS TO AND USE OF PROTECTED MATERIAL**

A. Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XV below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

i.      The Receiving Party's counsel of record in this Action and any employees of said counsel of record to whom it is reasonably necessary to disclose the information for this action;

ii.      The Receiving Party's officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this Action;

iii.      The Receiving Party's Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached hereto as **Exhibit A**;

iv.      The Court and its personnel;

v.      Court reporters and their staff;

vi.      Professional jury or trial consultants, mock jurors, and Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound;"

vii.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

viii.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

ix. Any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**X. PROTECTED MATERIAL SUBPOENAD OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

A. Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

B. Promptly notify the party who caused the subpoena or order to issue in the other litigation in writing that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

C. Cooperate on all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**XI. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

10

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protection.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-party's confidential information, then the Party shall:

i.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

ii.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii.    make the information requested available for inspection by the Non-Party, if requested.

C.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

A.    Notify the Designating Party of the unauthorized disclosures in writing;

B.    Use its best efforts to retrieve all unauthorized copies of the Protected Material;

C.    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

D.    Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound."

## XIII.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIV.    MISCELLANEOUS PROVISIONS

A.    Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.    Subject to Section III above, nothing in this Second Amended Stipulation and/or Order shall preclude or prohibit any Party from introducing to the Court as an exhibit, either in support of, or in opposition to, any motion, whether dispositive or otherwise, any document produced in discovery during the pendency of this litigation.

C.    By stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

D.    A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

## XV.    FINAL DISPOSITION

After the final disposition of this Action, as defined in section VI, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

A.    Identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and

B.    Affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section VI.

## XVI.    VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED THROUGH THE PARTIES' RESPECTIVE COUNSEL OF RECORD.

///

///

///

13

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

DATED: January 12, 2026                     Walter Clark Legal Group

_____
Walter T. Clark, Esq.
Scott E. Saunders, Esq.
Attorneys for Plaintiff,
MARY B. FORGEY

DATED: January 21, 2026                     Koeller, Nebeker, Carlson & Haluck, LLP

_Peter W. Dye_____
Peter W. Dye, Esq.
enn's . au, sq.
Attorneys for Defendant,
HOME DEPOT U.S.A., INC.

DATED: January 6, 2026                      Hall Griffin LLP

_____
John T. Griffin, Esq.
Brian P. Stewart, Esq.
Attorneys for Cross-Defendant,
TECHNIBILT, LTD., dba WANZL NORTH
AMERICA

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I declare under penalty of perjury under the laws of the State of California that all the signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Executed this 21 day of January 2026, at San Jose, California

_____
DENNIS V. CHAU

Dated: February 12, 2026

_____
Steve Kim, U.S. Magistrate Judge

14

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (*Forgey v. Home Depot U.S.A., Inc., et. al.*, Case No. 2:25−CV−03158−ODW(SKx)). I certify that I understand that the Protected Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Protected Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Protected Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Protected Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with Protected Materials or destroyed.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.


DATED_____ BY: _____
                                              Signature

                                        _____
                                              Title

                                        _____
                                              Address

                                        _____
                                              City, State, Zip

15

**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER**